IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| CLIFFORD W. GARDNER, #315301 § | |
| § | |
| V. § | CIVIL ACTION NO. G-06-362 |
| § | |
| GEAN LEONARD § | |

## REPORT AND RECOMMENDATION

Plaintiff Clifford W. Gardner, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff was ordered by the Court to answer specific interrogatories regarding his complaints of unsanitary jail conditions and was granted an extension of time in which to do so. To date, no answers have been filed. Having carefully reviewed Plaintiff's complaint, this Court makes the following recommendation to the District Court.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the pauper's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success, or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination of whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

A Plaintiff proceeding pursuant to Section 1983 must show that he has been deprived of a right secured by the Constitution and laws of the United States, and that the deprivation was caused

by a person acting under color of state law. *See e.g., Thorne v. Jones*, 765 F.2d 1270 (5th Cir. 1985), *cert. denied*, 475 U.S. 1016 (1986). In this case, Plaintiff was an inmate at the Galveston County jail on April 25, 2006 when he observed the "Health Department" take paint samples from the ceiling and walls of the jail. He also complains that the tray slot through which his food is served was allegedly cleaned with a brush used to clean toilets.

Under the Prison Litigation Reform Act (PLRA), prisoners filing suit must demonstrate a physical injury to sustain a claim for damages. 42 U.S.C. § 1997e(e); *Harper v. Showers*, 174 F.3d 716, 719 n. 5 (5th Cir. 1999). Section 1997e(e) states: "No federal civil action may be brought by a prisoner ... for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Courts have strictly construed the physical injury requirement, precluding claims by prisoners who demonstrate only mental or emotional injury and barring physical injury claims where the injury alleged is *deminimis*. *See e.g. Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). The injury must be more than *deminimis*, but need not be significant. *Id*.

In this case, Plaintiff alleges no harm suffered as a result of his claims made the basis of this suit. He was given the opportunity to fully expound on his claims in the Court's Order for Answers to Interrogatories but failed to do so. That being the case, his claim for damages due to the alleged unsanitary or unhealthy conditions at the jail has no factual or legal basis and is frivolous.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that the instant cause be **DISMISSED with prejudice as frivolous, pursuant to 28 U.S.C. § 1915(e)(2).**

The Clerk shall send a copy of this Report and Recommendation to the Plaintiff, who shall have until **April 16, 2007** to have written objections **<u>or</u>** answers to interrogatories **<u>physically</u>** on

file in the Office of the Clerk.  **No additional extensions of time will be granted absent an extremely good showing of cause**.  <u>The objections or answers shall be mailed to the Clerk's Office in Galveston, Texas 77553 at  P.O. Drawer 2300</u>.  Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration.  Failure to file answers or written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

    **DONE** at Galveston, Texas, this the      29th       day of March, 2007.

 

_____
John R. Froeschner
United States Magistrate Judge